JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

NATHANAEL M. COUSINS (CABN 177944)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7368
    Facsimile: (415) 436-7234
    E-Mail: nat.cousins@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 09-0558 MHP |
|     Plaintiff, ) | |
| v. ) | **[PROPOSED] ORDER OF DETENTION OF DEFENDANT GIOVANNI WARREN** |
| GIOVANNI WARREN, ) | |
|     Defendant. ) | |

    The defendant GIOVANNI WARREN came before this Court on June 10 and June 17, 2009 for a detention hearing to determine the release or detention of the defendant pending trial under 18 U.S.C. § 3142. The defendant was present and represented by Geoffrey Hansen, Chief Assistant Federal Public Defender. Assistant United States Attorneys Cynthia Frey (on June 10) and Nat Cousins (on June 17) represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. The government further asserted that this is a

Detention Order: Giovanni Warren
CR 09-0558 MHP

"presumption" case under 18 U.S.C. § 3142(e), in that the charged offense carries a maximum penalty exceeding ten years under the Controlled Substances Act. Therefore, "subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . ."

Pretrial Services submitted a report recommending detention based on both risk of flight and safety of the community.

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds by a preponderance of evidence that no condition or combination of conditions of release could reasonably assure the appearance of the defendant as required. The Court also finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The Court orders the defendant detained pending trial.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Detention Order: Giovanni Warren
CR 09-0558 MHP

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's future appearances and the community's safety.  First, as noted in the pretrial services report, there are records of 7 separate failures to appear in prior proceedings by this defendant.  Second, there are no sureties willing to support the defendant's bail request, despite the fact that the defendant has several family members living in the Bay Area.  Third, the defendant has 3 felony convictions and 4 probation violations in his criminal record.  These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community and unlikely to appear as required.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: June 24, 2009



JOSEPH C. SPERO
United States Magistrate Judge

Detention Order: Giovanni Warren
CR 09-0558 MHP