UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Respondent,<br><br>vs.<br><br>GIOVANNI WARREN,<br><br>    Defendant - Petitioner                / | No.CR- 09-00558 MHP<br><br>**ORDER DENYING**<br>**MOTION FOR**<br>**REDUCTION OF**<br>**SENTENCE** |

    Defendant moves for a reduction of sentence pursuant to the Fair Sentencing Act of 2010 ("FSA") which amended 21 U.S.C. section 841 reducing the crack-to-powder ratio for sentencing. The FSA became effective on August 3, 2010 when the President of the United States signed the Act into law.

    Defendant here was convicted upon a plea of guilty to possession with intent to distribute at least 5 grams of a substance containing cocaine base in the form of crack and for the purpose of sentencing admitted to the amount of 14.84 grams. The offense to which he pled occurred on April 29, 2009. The plea was entered on July 13, 2009 and the sentence of 60 months, the mandatory minimum, was imposed on February 1, 2010. At the time of sentencing, although the calculation and recommendation under the Sentencing Guidelines was for a sentence higher than the mandatory minimum, this court imposed the mandatory minimum.

    On August 3, 2010, the FSA became effective and changed the amount of cocaine base or crack that would trigger the mandatory minimum from at least 5 grams to at least 28 grams. Thus

had the offense and the sentencing occurred on of after August 3, 2010, the five-year mandatory minimum would not have been invoked by the amount involved here.

However, this Circuit and all the other Circuit Courts of Appeal that have ruled on the applicability of the FSA amendment to pre-enactment conduct have found that the FSA is not retroactive. In the words of the Ninth Circuit's opinion issued on June 2, 2011, "[l]ike every other circuit court to have considered this question, we can find no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment". *United States v. Baptist*, ___F.3d___, 2011 WL 2150993, a$^t$ *3 (9th Cir. June 2, 2011)(listing the decisions of nine other circuits that have similarly held).

The circumstances the Court faced in *Baptist* are similar to those here. There the defendant's offense, which involved a fourteen-gram crack cocaine transaction, occurred and the sentence was imposed prior to the date the FSA was signed into law. While the Circuit disagreed with the consequences of denying retroactivity, nonetheless, it recognized that it was compelled to do so in view of existing Supreme Court case law. Therefore, it held the FSA was not retroactive.

This court is bound by the Ninth Circuit's holding in *Baptist* and, therefore, denies the motion to reduce the sentence imposed.

Date: August 8, 2011

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2